IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SYLVESTER ERVING, JR., 1001402, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | No. 3:09-CV-2000-L |
| ) | |
| RICK THALER, Director, Texas ) | |
| Dept. Of Criminal Justice, Correctional ) | |
| Institutions Division, ) | |
|     Respondent. ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

## I. Procedural Background

On August 4, 2000, Petitioner was convicted of unlawful possession of a controlled substance. *State v. Erving*, No. F-0001031-T (283rd Jud. Dist. Ct., Dallas County, Tex., Aug. 4, 2000). He was sentenced to twenty-five years incarceration. The Fifth District Court of Appeals affirmed the conviction and sentence. *Erving v. State*, No. 05-00-01398-CR (Tex. App. – Dallas 2001, no pet.)

Petitioner does not challenge his conviction or sentence. He instead argues that Respondent's failure to release him to mandatory supervised release is an ex post facto violation.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**     Page -1-

## II.  Discussion

1. **Standard of Review**

   The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

   > (d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
   >
   > > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
   > >
   > > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

   *See* 28 U.S.C. § 2254(d).  Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000).  Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case.  *Id*.

2. **Ex Post Facto**

   Respondent determined Petitioner was not eligible for release to mandatory supervision because he was previously convicted of armed robbery.  Petitioner argues that the use of his previous armed robbery convictions is an ex post facto violation.

A law violates the Ex Post Facto Clause if (1) it applies to events occurring before its enactment, and (2) it disadvantages the offender by altering the definition of criminal conduct or increasing the punishment for his crime. *Lynce v. Mathis*, 519 U.S. 433, 441 (1997).

In this case, Petitioner committed his drug offense on March 3, 2000. Respondent applied the mandatory supervision law in effect at the time of the offense. The law at that time stated an inmate was not eligible for release to mandatory supervision if he had previously been convicted of robbery under section 29.02 of the Penal Code, aggravated robbery under section 29.03 of the Penal Code, or an offense for which the judgment contains an affirmative finding of a deadly weapon under section 3G(a)(2), Article 42.12 of the Code of Criminal Procedure. *See* Tex. Gov't Code Ann. § 508. 149(a)(1), (11), (12) (West 1999).

Petitioner does not dispute that he has prior convictions for armed robbery. On August 13, 1971, Petitioner was convicted in cause number C71-24-NLN of "Robbery with Firearms." (*Ex parte Erving*, No. 4,687-01 at 2). On June 29, 1972, he was convicted in cause number C-70-9288-HLN of "Robbery with Firearms." (*Ex parte Erving*, No. 4,687-02 at 21). On June 30, 1972, he was convicted of four cases of "Robbery with Firearms" in cause numbers C-70-9285-HLN, C-70-9268-HLN, C70-9287-HLN and C-70-9618-HLN. (*Id*. at 6, 11, 16, 26.)

Petitioner's ex post facto claim fails because § 508.149 was in effect at the time he committed his 2000 drug offense. Section 508.149 does not retroactively make Petitioner's robbery convictions more harsh, but instead enhances the penalty for Petitioner's 2000 drug conviction. *See McCall v. Dretke*, 390 F.3d 358, 366 (5th Cir. 2004) (stating § 508.149 is not "an additional penalty for earlier crimes," but is "a stiffened penalty for the latest crime.") (quoting *Gryger v. Burke*, 334 U.S. 728, 732 (1948)). Petitioner has failed to show the state court's

decision to deny this claim violated clearly applicable federal law or was unreasonable.

3. **Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' determination to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**RECOMMENDATION**

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

Signed this 13th day of March, 2012.

_____
**PAUL D. STICKNEY**
**UNITED STATES MAGISTRATE JUDGE**

**INSTRUCTIONS FOR SERVICE AND**
<u>**NOTICE OF RIGHT TO OBJECT**</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).